**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GEORGE WILLIAM HANKINS,
FDOC PRISONERS/WE THE PEOPLE,**

    Plaintiffs,

vs.                                                                    Case No. 4:22cv245-WS-MAF

**FDOC SECRETARY
RICKY D. DIXON, and
FLORIDA GOVERNOR
RON DESANTIS,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

A pro se civil rights complaint was submitted to the United States District Court for the Southern District of Florida. ECF No. 1. After review, that Court transferred the case here because Plaintiff George Hankins is incarcerated within the Northern District of Florida and both named Defendants are located in Tallahassee, Florida. ECF No. 3.

After transfer, an Order was entered requiring Plaintiff to either pay the filing fee for this case or file an in forma pauperis motion. ECF No. 6. Additionally, Plaintiff was informed that he could not bring a case on behalf

of "FDOC Prisoners/We the People, Plaintiffs." ECF No. 6 (citing ECF No. 1 at 1). Because Plaintiff George Hankins is an inmate proceeding pro se, he cannot represent other prisoners. ECF No. 6. Thus, Plaintiff was advised that if he wanted to proceed with this case, he must file an amended complaint no later than August 15, 2022. *Id.* On the other hand, if Plaintiff no longer desired to proceed, he was directed to file a notice of voluntary dismissal pursuant to Rule 41, Federal Rules of Civil Procedure, by the same deadline. *Id.*

As of this date, Plaintiff has filed nothing further. He has not paid the fee, filed an in forma pauperis motion, filed a complaint, or requested additional time in which to comply. Plaintiff was warned that if he failed to comply, a recommendation to dismiss this case. *Id.* It now appears that Plaintiff has abandoned this litigation and dismissal is appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:22cv245-WS-MAF